JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR -4 1972

PATRICK D. HOWARD
CLERK OF THE PANEL

**DOCKET NO. 97**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE 7-ELEVEN FRANCHISE ANTITRUST LITIGATION

ORDER

It appearing that all parties to the actions listed on the attached Schedule A agree on the desirability of transferring these actions to the Northern District of California for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 with the actions pending in that district and the Panel having found, on the basis of the papers submitted and the hearing held, that the actions involve common questions of fact and that transfer would serve the convenience of the parties and witnesses and would further the just and efficient conduct of the litigation,

IT IS ORDERED that the actions listed on the attached Schedule A and pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California, and with the consent of that Court, assigned to the Honorable Robert S. Schnacke for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Alfred P. Murrah
Chairman

SCHEDULE A                                          DOCKET NO. 97

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Miner, et ux. v. The Southland Corp., et al. | Civil Action No. 46865 |
| Elmer Fernandes, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-594-RHS |
| Gordon Bechard, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-677-RHS |
| Joseph Romeo, et ux v. The Southland Corp., et al. | Civil Action No. C-70-1369-RHS |
| Ray Wellman, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-1462-RHS |
| Stephen Nicholson, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-1467-RHS |
| Darrell Oman, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-1564-RHS· |
| Harry Phippen, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-1593-RHS |
| Jay Mills, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-1628-RHS |
| Charles Bell, et ux v. The Southland Corp., et al. | Civil Action No. C-70-2533-RHS |
| Cres Blasquez, et ux v. The Southland Corp., et al. | Civil Action No. C-70-2534-RHS |
| Calvin Buck, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2535-RHS |
| Kenneth Dunn, et ux v. The Southland Corp., et al. | Civil Action No. C-70-2536-RHS |
| Warren Dunn, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2537-RHS |
| Eldon Easter, et ux v. The Southland Corp., et al. | Civil Action No. C-70-2538-RHS |
| Bernard Flood, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2539-RHS |
| Donald Freeman, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2540-RHS· |
| Joseph Herbst, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2541 |

SCHEDULE A                         -2-                      DOCKET NO. 97

### NORTHERN DISTRICT OF CALIFORNIA (CONT'D)

| | |
|---|---|
| Edward Holderfield, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2542-RHS |
| Robert Houck v. The Southland Corp., et al. | Civil Action No. C-70-2543-RHS |
| George Lee v. The Southland Corp., et al. | Civil Action No. C-70-2544-RHS |
| Robert Lucero, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2545-RHS |
| Richard Martin, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2546-RHS |
| Douglas McKinney, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2547-RHS |
| Cecil Miller, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2548-RHS |
| Wright Simpson, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2549-RHS |
| Edward Tomac, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2550-RHS |
| Benny Toms, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2551-RHS |
| Dale Wright, et ux. v. The Southland Corp., et al. | Civil Action No. C-70-2552-RHS |
| Irene Brackett v. The Southland Corp., et al. | Civil Action No. C-71-1-RHS |
| Ralph Wilson, et ux. v. The Southland Corp., et al. | Civil Action No. C-71-102-RHS |
| Fred Orloff, et al. v. The Southland Corp., et al. | Civil Action No. C-71-257-RHS |
| David Vaughn, et ux. v. The Southland Corp., et al. | Civil Action No. C-71-265-RHS |
| Louis Kruse, et ux v. The Southland Corp., et al. | Civil Action No. C-71-329-RHS |
| Dennis Meydam v. The Southland Corp., et al. | Civil Action No. C-71-330-RHS |
| Fred Turnier, et ux. v. The Southland Corp., et al. | Civil Action No. C-71-633-RHS |

SCHEDULE A                              -3-                    DOCKET NO. 97

### NORTHERN DISTRICT OF CALIFORNIA (CONT'D)

James A. Piper, et ux. v. The Southland          Civil Action
Corp., et al.                                    No. C-71-2406-RHS

Skander Sarkis, et ux. v. The Southland          Civil Action
Corp., et al.                                    No. C-71-2407-RHS

Vincent J. Wiegel, et ux. v. The Southland       Civil Action
Corp., et al.                                    No. C-71-2408-RHS

### EASTERN DISTRICT OF PENNSYLVANIA

Joseph D'Amore, Jr. v. The Southland             Civil Action
Corp.                                            No. 71-2764

Robert Hornbaker, et al. v. The Southland        Civil Action
Corp.                                            No. 72-149

### SOUTHERN DISTRICT OF FLORIDA

William A. Sullivan v. The Southland             Civil Action
Corp., et al.                                    No. 71-1709-CIV-CA

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

APR 25 1973

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE 7-ELEVEN FRANCHISE          )
ANTITRUST LITIGATION              )   DOCKET NO. 97
                                 ))
Morris & Dora Cohen, et al. v.    )
The Southland Corp., E.D. Pa.,    )
Civil Action No. CA-72-1777       )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The Panel ordered the parties in this litigation
to show cause why the above-captioned action should not be
transferred pursuant to 28 U.S.C. §1407 to the Northern District
of California for coordinated or consolidated pretrial proceed-
ings with the actions previously transferred to that district
and assigned to the Honorable Robert H. Schnacke.  Defendant
favors transfer of the action to that district, while the
Cohen plaintiffs oppose transfer.  The parties waived their
right to oral argument and we have concluded from the papers
filed that the Cohen action must be transferred for pretrial
proceedings with the actions now pending in the Northern District
of California.

Plaintiffs in the consolidated actions are present or
former franchisees of defendant Southland.  They allege that

- 2 -

Southland violated the federal antitrust laws in connection with agreements and practices pertaining to the operation of 7-Eleven convenience retail grocery stores.  Certain of the consolidated actions contained Rule 23 class allegations, but the transferee judge has unconditionally denied plaintiffs' requests for class action treatment.  In re 7-Eleven Franchise Antitrust Litigation, _____ F. Supp. _____(N.D. Cal., filed Aug. 10, 1972).  The allegations in the Cohen complaint are similar to those asserted in the previously transferred actions and plaintiffs purport to represent a class of 7-Eleven franchisees in a limited geographical area.

The Cohen plaintiffs oppose transfer on the ground that their action involves only local issues and that their discovery will not duplicate that supervised by the transferee court. In addition, plaintiffs urge that transfer should be denied on the basis of the transferee judge's finding that the consolidated actions lacked  sufficient commonality of facts to warrant class action treatment.

The arguments in opposition to transfer are not persuasive. The criteria for a class determination pursuant to Rule 23 of the Federal Rules of Civil Procedure are different from the criteria for transfer pursuant to 28 U.S.C. §1407.  We have examined the Cohen complaint and find that it raises questions of fact common to the previously transferred actions concerning alleged unlawful practices which defendant Southland engaged in with respect to current and former 7-Eleven franchisees.

- 3 -

It is clear, therefore, that the discovery pursued in Cohen
will be similar to the discovery contemplated by plaintiffs
in the actions pending in the transferee court and we are satis-
fied that transfer of the Cohen action will serve the convenience
of the parties and witnesses and will promote the just and effici-
ent conduct of the litigation.  And we point out that the trans-
feree court can easily devise a discovery schedule to accommodate
plaintiffs' desire to pursue local discovery not common to
the other actions.

There is an additional reason favoring transfer of
this action.  In an action previously transferred by the Panel
to the Northern District of California for coordinated or conso-
lidated pretrial proceedings, plaintiffs' request to represent
a class of 7-Eleven franchisees in a limited geographical area
was denied by the transferee court.  Plaintiffs in Cohen also
seek to represent a class of 7-Eleven franchisees in a specified
geographical area and it appears that plaintiffs' opposition to
transfer centers upon their dissatisfaction with the class action
ruling of the transferee court.  We have frequently held that
the possibility for conflicting class action determinations
is an important factor favoring transfer of an action under
Section 1407.  See, e.g., In re Texas Gulf Sulphur Securities
Litigation, 344 F. Supp. 1398 (J.P.M.L. 1972).  And we have also
held that the prospect of an unfavorable ruling by the transferee
court or the possibility that another district judge may be more
favorably disposed to a litigant's contentions are clearly not
factors considered by the Panel in determining whether transfer

- 4 -

under Section 1407 is appropriate.  In re Texas Gulf Sulphur

Securities Litigation, supra at 1400.  See also In re Motion

Picture "Standard Accessories" and "Pre-Vues" Antitrust Litigation,

339 F. Supp. 1278, 1280 (J.P.M.L. 1972).

IT IS THEREFORE ORDERED that the action Morris and Dora

Cohen, et al. v. The Southland Corporation, E.D. Pa., Civil Action

No. CA-72-1777, be, and the same hereby is, transferred to the

Northern District of California under 28 U.S.C. §1407 and, with

the consent of that court, assigned to the Honorable Robert H.

Schnacke for coordinated or consolidated pretrial proceedings

with the actions pending in that district.